Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Paul Velgos*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL VELGOS, | CASE NO.: 2:25-cv-00186 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| NEXENTA BY DDN, INC. and BUSINESS WIRE, INC., | **(INJUNCTIVE RELIEF DEMANDED)** |
| Defendants. | |

Plaintiff PAUL VELGOS by and through his undersigned counsel, brings this Complaint against Defendants NEXENTA BY DDN, INC. and BUSINESS WIRE, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.     Plaintiff PAUL VELGOS ("Velgos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Velgos' original copyrighted Work of authorship.

2.      Velgos is a professional photographer specializing in high quality cityscape, landscape and beach photography that emphasizes unique scenes and tones. His work is available to purchase as art prints or digital download licensing. Velgos has had over 20,000 licenses of his images that have been purchased for use in movies, television, books, magazines, websites, print wall decor and much more, and his images have been licensed by some of the world's most well-known businesses including Forbes, The Wall Street Journal, Time, ABC News and Yahoo!. Velgos frequently works directly with businesses and partners with advertising agencies, art consultants, and design consultants on projects.

3.      Defendant NEXENTA BY DDN, INC. ("Nexenta") is the original market maker and leader in Software-Defined Storage (SDS) for multi-cloud focused enterprises and 5g and IoT-driven telcos and SPs. Nexenta has approximately 3,000 customers, 300 partners, 50 patents and close to 2,000 petabytes of storage capacity under management. The Nexenta portfolio is 100% software-based that is used as a "Virtual Storage Software Appliance (VSA)" on a virtual machine or cloud-based "Software as a Service (SAAS)".

4.      Defendant BUSINESS WIRE, INC. ("Business Wire") is a wholly owned subsidiary of Berkshire Hathaway and advertises that it is the global leader in press release distribution and regulatory disclosure. Business Wire was founded in 1961 and is a trusted source for news organizations, journalists, investment professionals and regulatory authorities, delivering news directly into editorial systems and leading online news sources via its multi-patented NX network. The company has reached over 160 countries, 100,000 media outlets and over two hundred industry and trade categories. At all times relevant herein, Business Wire owned and operated the website located at the internet URL www.businesswire.com (the "Website").

5.      Defendants Nexenta and Business Wire are collectively referred to herein as "Defendants."

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

6.     Velgos alleges that Defendants copied Velgos' copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.     Defendants are subject to personal jurisdiction in California.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11.     NEXENTA BY DDN, INC. is a Delaware Corporation, with its principal place of business at 9351 Deering Avenue, Chatsworth, California, 91311, and can be served by serving its Registered Agent, Ian Angelo, at the same address.

12.     Business Wire, Inc. is a Delaware Corporation, with its principal place of business at 101 California Street, 20th Floor, San Francisco, California, 94111, and can be served by serving its Registered Agent, C T Corporation System, 330 North Brand Boulevard, Glendale, CA.

## THE COPYRIGHTED WORK AT ISSUE

13.     In 2012,  Velgos created the photograph entitled "MG-5995-San-Diego-Skyline-Photo" and published it to the website www.fineartamerica.com, which is shown below and referred to herein as the "Work".

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.: 2:25-cv-00186



*San Diego Skyline Photo is a photograph by Paul Velgos which was uploaded on August 24th, 2012.*

14.    At the time Velgos created the Work, Velgos applied copyright management information to the Work consisting of the words "fineart america" to the bottom right corner. Additionally, underneath the Work, copyright management information attribution is listed as "San Diego Skyline Photo is a photograph by Paul Velgos which was uploaded on August 24th, 2012."

15.    Subsequently, Velgos uploaded the Work to his website, www.velgos.com and applied copyright management information to the Work consisting of the words "© PAUL VELGOS" to the middle. A true and correct screenshot of the Work on Velgos' website is shown below.

//
//
//
//
//
//

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.: 2:25-cv-00186

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



16.     Velgos registered the Work with the Register of Copyrights on April 22, 2012, and was assigned registration number VAu 1-112-877.  The Certificate of Registration is attached hereto as **Exhibit 1**.

17.     At all relevant times Velgos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18.     Defendants have never been licensed to use the Work at issue in this action for any purpose.

19.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20.     On or about January 4, 2024, Velgos discovered the unauthorized use of his Work on the Website in an article by Nexenta entitled "Industry-veteran Sam Greenblatt Joins Nexenta as Chief Technologist in Residence" dated February 5, 2015.

5

21.    Defendants copied Velgos' copyrighted Work without Velgos' permission.

22.    After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their software and press relations businesses.

23.    Defendants copied and distributed Velgos' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24.    Velgos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

25.    Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26.    Velgos never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

27.    Velgos notified Defendants of the allegations set forth herein on March 21, 2024, and April 9, 2024. To date, the parties have failed to resolve this matter.

28.    When Defendants copied and displayed the Work at issue in this case, Defendants removed Velgos' copyright management information from the Work.

29.    Velgos never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT BY NEXENTA

30.    Velgos incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.    Velgos owns a valid copyright in the Work at issue in this case.

32.    Velgos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

33.     Nexenta copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Velgos' authorization in violation of 17 U.S.C. § 501.

34.     Nexenta performed the acts alleged in the course and scope of its business activities.

35.     Nexenta's acts were willful.

36.     Velgos has been damaged.

37.     The harm caused to Velgos has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY BUSINESSWIRE

38.     Velgos incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39.     Velgos owns a valid copyright in the Work at issue in this case.

40.     Velgos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

41.     Nexenta copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Velgos' authorization in violation of 17 U.S.C. § 501.

42.     Business Wire had the right and ability to supervise the infringing activities of Nexenta alleged herein.

43.     Business Wire had a direct financial interest in the infringing activities alleged herein.

44.     As a result of Business Wire's vicarious infringement as alleged above, Business Wire obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

45.     Business Wire has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Velgos' intellectual property rights.

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

46.    Business Wire performed the acts alleged in the course and scope of its business activities.

47.    Velgos has been damaged.

48.    The harm caused to Velgos has been irreparable.

**COUNT III**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION BY NEXENTA**

49.    Velgos incorporates the allegations of paragraphs 1 through 299 of this Complaint as if fully set forth herein.

50.    The Work at issue in this case contains copyright management information ("CMI").

51.    Nexenta knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

52.    Nexenta committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

53.    Nexenta caused, directed, and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

54.    Velgos has been damaged.

55.    The harm caused to Velgos has been irreparable.

**COUNT IV**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**

56.    Velgos incorporates the allegations of paragraphs 1 through 2929 of this Complaint as if fully set forth herein.

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

57.    The Work at issue in this case contains false copyright management information ("CMI").

58.    Nexenta knowingly and with the intent to enable or facilitate copyright infringement, added CMI to the Work at issue in this action in violation of 17 U.S.C. § 1202(a).

59.    Nexenta committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

60.    Nexenta caused, directed, and authorized others commit these acts knowing or having reasonable grounds to know it they will induce, enable, facilitate, or conceal infringement of Velgos' rights in the Work at issue in this action protected under the Copyright Act.

61.    After removing CMI from the Work, Nexenta applied its own false CMI upon the Work.

62.    After applying the false CMI to the Work, Nexenta published the Work in violation of 17 U.S.C. § 1202(a).

63.    Velgos has been damaged.

64.    The harm caused to Velgos has been irreparable.

WHEREFORE, the Plaintiff PAUL VELGOS prays for judgment against the Defendants NEXENTA BY DDN, INC. and BUSINESS WIRE, INC. that:

a.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of  17 U.S.C. §§ 501, 1203;

b.    Defendants be required to pay Velgos his actual damages and Defendants' profits attributable to the infringement, or, at Velgos' election, statutory damages, as provided in  17 U.S.C. §§ 504, 1203;

c.     Defendants be required to pay Velgos his damages including lost sales and Defendants' profits as provided in 15 U.S.C. § 1125;

d.     Velgos be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e.     Velgos be awarded pre- and post-judgment interest; and

f.     Velgos be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Velgos hereby demands a trial by jury of all issues so triable.

DATED: January 7, 2025                    Respectfully submitted,


*/s/Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Paul Velgos*

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.: 2:25-cv-00186